IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY J. TAYLOR,

    Petitioner,                  No. CIV-07-2683 LKK KJM P

    vs.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.            <u>FINDINGS AND RECOMMENDATIONS</u>

                            /

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner challenges his Sacramento County Superior Court conviction and sentence for possession of cocaine for sale while possessing a firearm. Respondents move to dismiss asserting that this action is time-barred.

        Title 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

/////

1

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

    Petitioner pled guilty and was sentenced on August 11, 2005. Pet. at 1. Because he did not appeal, his conviction became final for purposes of § 2244(d)(1)(A) on October 10, 2005 when time for an appeal expired. See Cal. Rule of Court 8.308. Under § 2244(d)(1)(A), the limitations period began to run on October 11, 2005 and ran out on October 10, 2006. This court did not receive petitioner's application for writ of habeas corpus until December 12, 2007. There does not appear to be any basis for tolling the limitations period between October 11, 2005 and October 10, 2006. Although petitioner filed a series of habeas petitions in state court, none of them was filed prior to October 10, 2006; thus none serves to revive or reopen the limitations period. Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

    While his argument is difficult to discern, it appears petitioner asserts that the limitations period applicable to this action commenced under § 2244(d)(1)(C) on January 22, 2007, when the United States Supreme Court issued its decision in Cunningham v. California, 549 U.S. 270 (2007). However, this argument must be rejected as the Ninth Circuit Court of Appeals has determined that, in Cunningham, the Supreme Court did not recognize a new constitutional right. Butler v. Curry, 528 F.3d 624, 636 (2008), cert. denied, __ U.S. __, 77 U.S.L.W. 3359 (Dec. 15, 2008) (No. 08-517).

/////

In light of the foregoing, the court will recommend that petitioner's application for writ of habeas corpus be dismissed as time-barred.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' motion to dismiss (#12) be granted; and
2. This case be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 12, 2009.

_____
U.S. MAGISTRATE JUDGE

1
tayl2683.157